# In the United States Court of Federal Claims

No. 09-366C
(Filed June 16, 2009) 1/

* * * * * * * * * * * * * * * * * * * * *   *
                                             *
**GEAR WIZZARD, INC.,**                      *   Post-award bid protest; 28
                                             *   U.S.C. § 1491(b) (2006); motion
           Plaintiff,                        *   for preliminary injunction;
                                             *   substantial likelihood of success.
     v.                                      *
                                             *
**THE UNITED STATES,**                       *
                                             *
           Defendant.                        *
                                             *
* * * * * * * * * * * * * * * * * * * * *   *

     <u>Charles E. Raley</u>, Hilton Head Island, SC, for plaintiff.

     <u>Sean M. Dunn</u>, Washington, DC, with whom was <u>Assistant Attorney General Tony West</u>, for defendant.  <u>Matthew O. Geary</u>, U.S. Defense Logistics Agency, Defense Supply Center, Columbus, OH, of counsel.

### ORDER DENYING PRELIMINARY INJUNCTIVE RELIEF

**<u>MILLER</u>**, Judge.

     This bid protest is before the court after argument on Plaintiff's Motion for Preliminary Injunction filed on June 8, 2009.  A small business concern, plaintiff seeks post-award preliminary injunctive relief to enjoin the U.S. Defense Logistics Agency (the "DLA"), Defense Supply Center (the "DSCC"), Columbus, OH, from proceeding with performance on Order No. SPM7L3-09-M-1305 ("Order 1305"), resulting from the award of a contract under Request for Quotation ("RFQ") No. SPM7L309T2194 ("RFQ-194"), until the court issues a final ruling on plaintiff's complaint filed on June 8, 2009, seeking

---

     1/  This opinion originally was filed under seal on June 10, 2009.  By ¶ 6, the parties were requested to notify the court of any redactions.  Neither party requested any redactions.

declaratory and permanent injunctive relief. Complementary to an injunction preventing performance by the awardee, plaintiff also asks the court to order the DSCC and the agency conducting the evaluation of equal items to conduct a trial installation of plaintiff's replacement part. This would complete the required testing of plaintiff's replacement part and enable plaintiff to be eligible for contract award.

**FACTS**

Gear Wizzard, Inc. ("plaintiff"), makes automotive spare and replacement parts and often competes for competitive contracts awarded by the United States Government. Beginning on January 31, 2008, the DSCC issued a series of RFQs to supply shifter forks used in military trucks. The part was identified by National Stock Number 2520-01-136-8717 ("NSN-8717"). The solicitation for NSN-8717 required that alternate offerors proposing replacement parts under a different part number for shifter forks submit an Alternative/Source Approval Request Package.

On February 10, 2008, plaintiff submitted its offer to supply Part Number ("P/N") 11-3296-C-107 with a copy of its Alternative/Source Approval Request Package for P/N GWI-C-107 as an equal item for NSN-8717. The Army Tank Automotive Command, Engineering Support Authority ("TACOM-ESA"), the agency responsible for evaluating plaintiff's as-equal shifter fork, reported on March 20, 2008, that P/N GWI-C-107 would promote competition resulting in a cost savings; however, before TACOM-ESA could qualify plaintiff's P/N GWI-C-107 for competition, the shifter must pass a trial installation before a government quality inspector to ensure proper fit and function of the as-equal. TACOM-ESA's review of P/N GWI-C-107 was completed on March 25, 2008.

Plaintiff alleges that the DSCC made several awards for NSN-8717 parts since March 25, 2008, but has yet to provide directions to plaintiff regarding the trial installation.

The DSCC on April 9, 2009, issued RFQ No. SPM7L109TD199 ("RFQ-199") and on April 29, 2009, issued RFQ No. SPM7L109TF572 ("RFQ-572"), both for NSN-8717. Plaintiff submitted offers for both RFQs to supply plaintiff's replacement part, P/N GWI-C-107, including its previous qualification package. Plaintiff filed protests to the Government Accountability Office (the "GAO") regarding the RFQ-199 and RFQ-572 based on the failure of the Government to complete the evaluation of P/N GWI-C-107, including the trial

installation. On May 19, 2009, the DSCC canceled RFQ-199 and RFQ-572, thus mooting plaintiff's protests to the GAO. 2/

A May 22, 2009 letter to plaintiff, posted on May 26, 2009, from Francis J. Belill, an Equipment Specialist, Value Engineering, DSCC, dated three days after the cancellation of RFQ-199 and RFQ-572, listed additional problems with P/N GWI-C-107, plaintiff's proposed NSN-8717 as-equal. Mr. Belill's letter did not explain the fourteen-month delay in advising plaintiff of problems with P/N GWI-C-107 other than the need for a trial installation.

RFQ-194, a request for 462 shifter forks, was released on May 28, 2009, with a closing date for proposals of June 11, 2009. The DSCC awarded RFQ-194 on May 29, 2009, as Order 1305. Defendant argued that the immediate award was due to exigent circumstances at the Red River Army Depot (the "RRAD"), which had exhausted its supply of shifter forks. Two-hundred seventy-five were back-ordered, and the DLA had to order 462 to meet the current backlog and expected future orders over the estimated 100-day lag time between order placement and delivery of the shifter forks. This rationale was embodied in an undated (agency counsel supplied a date of May 29, 2009, his date of receipt) Justification for Other than Full and Open Competition. This document became Exhibit A to the Transcript of Proceedings for June 10, 2009.

As of this date, Order 1305 is in the process of being filled. Defendant, through agency counsel, has represented that no other orders for shifter forks exist and that the DSCC will block all future orders until the conclusion of this litigation.

**DISCUSSION**

On a request for preliminary injunctive relief, the court must weigh the following four factors: (1) the likelihood of plaintiff's success on the merits; (2) irreparable harm to plaintiff if the injunction is not granted; (3) that the balance of equities tips in plaintiff's favor; and (4) that injunctive relief is in the public interest. Titan Tire Corp. v. Case New Holland Inc., No. 2008-1078, 2009 WL 1542401, at *2 (Fed. Cir. June 3, 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008) (citing Supreme Court cases)); see also id. at *6.

---

2/ Plaintiff argues that the DSCC canceled RFQ-199 and RFQ-572 to avoid a GAO decision on its protests. At oral argument defendant proffered that RFQ-199 and RFQ-572 had solicited the wrong part and that these RFQs were reissued under new RFQ numbers with the correct part listed.

To demonstrate a likelihood of success on the merits, plaintiff "must show that it will likely prove" the agency's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, 28 U.S.C. § 1491(b)(4) (2006) (adopting standard of 5 U.S.C. § 706(2)(A) (2006)), a standard requiring proof by a preponderance of the evidence. Titan Tire Corp., 2009 WL 1542401, at *2; see also Erico Int'l Corp. v. Vutec Corp, 516 F.3d 1350, 1359 (Fed. Cir. 2008) (Newman, J., dissenting) (describing plaintiff's burden in proving likelihood of success as being equivalent to standards and burdens of proof required to prevail on merits).

1. Plaintiff has failed to demonstrate a likelihood of success on the merits. Defendant has an argument to raise on jurisdiction and standing. See RhinoCorps Co. v. United States, No. 08-410C, 2009 WL 1588684 at *8-9 (Fed. Cl. June 4, 2009). Morever, plaintiff has asserted violations of applicable procurement regulations, but not argued them in its brief beyond citing the regulations. Although plaintiff submitted the Declaration of Rick Klein, June 3, 2009, that answers Mr. Belill's May 22, 2009 letter, the court cannot make a finding that Mr. Klein has addressed all the items in the letter or whether he has resolved all of TACOM-ESA's concerns. (It is of no little moment that Mr. Belill may not be acting for TACOM-ESA.)

2. There has not been an adequate showing that injunctive relief is necessary to avoid causing plaintiff irreparable harm. Plaintiff has alleged approximately $10,000.00 of costs incurred in submitting its offers and its Alternative/Source Approval Request Package. These costs may be recovered as bid preparation costs should plaintiff prove that the DSCC did not act in good faith in considering its offers. If plaintiff's shifter fork is or should have been approved, plaintiff would be a qualified bidder and would stand to lose its profits on the subject contract, thereby establishing irreparable harm. See Essex Electro Eng'rs, Inc. v. United States, 3 Cl. Ct. 277, 287 (1983), aff'd, 757 F.2d 247 (Fed. Cir. 1985).

3. Crediting plaintiff's cause with the DLA/DSCC's mistake in issuing prior RFQs listing the incorrect Axeltech part, as conceded by defendant and agency counsel during argument, the balance of equities still does not favor plaintiff. The exigent circumstances regarding the shifter fork deficit at the RRAD outweigh plaintiff's interest in being qualified to compete for award.

4. The public interest favors making replacement shifter forks available to the RRAD as soon as possible. Obtaining these parts through Order 1305 will promote a modicum of fiscal probity, avoiding the purchase of a $12,000.00 per-unit transfer case.

At argument all parties – plaintiff's counsel, defense counsel, and agency counsel – agreed to meet, and make a good-faith effort to schedule meetings with TACOM-ESA, to qualify plaintiff's P/N GWI-C-107.  If a solution is not reached and the court is so advised by July 17, 2009, the parties agreed to resolve the matter by cross-motions for judgment on the Administrative Record pursuant to RCFC 52.1.

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED,** as follows:

1.  Plaintiff's Motion for Preliminary Injunction is denied.

2.  The Transcript of Proceedings held this date is made subject to the Protective Order entered on June 8, 2009.

3.  By July 31, 2009, defendant shall file the Administrative Record by CD-ROM, with one paper copy delivered both to the court and to plaintiff.  The copying requirements are waived.

4.  By August 31, 2009, defendant shall file its motion for judgment on the administrative record.

5.  All further briefing shall be made by rule.  Argument will be set by subsequent order.

6.  By close of business on June 15, 2009, counsel shall identify by brackets any material subject to redaction before this order issues for publication.

s/ Christine O.C. Miller

_____
**Christine Odell Cook Miller**
Judge